## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BRY'TSHEONA WOODS**                                                    **PLAINTIFF**

**V.**                         **NO. 4:19CV00921 BRW-PSH**

**ANDREW SAUL, COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION[1]**                    **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Billy Roy Wilson. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I.  Introduction:

Plaintiff, Bry'Tsheona Woods ("Woods"), applied for disability benefits on March 28, 2017, alleging disability beginning on April 1, 2015 (Tr. at 10). The

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Woods' claim on June 27, 2019. (Tr. at 20). The Appeals Council dismissed Woods' request for review of the hearing decision as being untimely. (Tr. at 1-4). The Appeals Council's decision now stands as the final decision of the Commissioner, and Woods has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II.   <u>The Commissioner's Decision</u>:

The only issue that is reviewable by the Court is whether the Appeals Council abused its discretion by dismissing Woods' request for review as untimely.[2] *See Smith v. Berryhill*, 139 S. Ct. 1765 (2019). Per *Smith*, the Court need not address Woods' substantive claims that the ALJ's decision was not based on substantial evidence. *Id*. at 1779-1780.

The date of the ALJ's decision was June 17, 2019. (Tr. at 20). The Notice of Decision explained that Woods had to file any request for review by the Appeals Council within 60 days of receiving notice. (Tr. at 7). The Appeals Council presumes receipt of the Notice of Decision within 5 days of the hearing decision date. *Id*. Therefore, Woods had until August 21, 2019 to submit her appeal. The request for

---

[2] Woods appeared *pro se* at the hearing and was informed of her right to representation at that time by the ALJ; she admitted she understood and wished to proceed without an attorney. (Tr. at 29). An attorney filed her complaint in this Court.

review was filed by Woods on August 26, 2019. (Tr. at 4).

Woods filed a statement of Good Cause for Late Filing on September 28, 2019. (Tr. at 4, 25). She explained that she filed her request late because she could not move as fast, her driving "has come to a minimum," she had post-partum depression, and she was looking for a new doctor. *Id*. The Appeals Council did not find these reasons to be good cause for her untimely filing, so it dismissed her request for review. (Tr. at 1, 4).

## III.  <u>Discussion</u>:

In *Smith*, the Court confirmed that an Appeals Council dismissal for untimeliness is a final agency action subject to Court review, and that "the standard of review 'as to [an] overall conclusion [by the Commissioner] ... is abuse of discretion, and substantial evidence as to any fact." (*quoting Smith,* 139 S. Ct. at 1779 n.19). The Commissioner, in its Notice of Decision, gave Woods the opportunity to appeal her case and present any new evidence. After filing her belated request for review, Woods filed a Good Cause for Late Filing statement, but she did not submit any evidence with her statement (she only presented a reiteration of her claims of physical disability). (Tr. at 25). *See Shari L. v Saul*, 2020 WL 3971510 (N.D. N.Y., July 14, 2020)(Appeals Council did not abuse its discretion when plaintiff did not submit evidence to explain her late filing or present any explanation

for the late filing to the Court).[3]  The Court finds that the Appeals Council did not abuse its discretion in this case.

## VI.   <u>Conclusion</u>:

The Appeals Council did not abuse its discretion by dismissing Woods' request for review as untimely. The case should be dismissed, and judgment entered for the Defendant.

IT IS SO ORDERED this 30th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Woods' attorney only briefed the substantive issues related to the ALJ's denial of benefits, and he did not address reasons the Court should vacate the Appeals Council's final agency action. Doc. No. 13.